## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No. 05-10062-001-WEB |
| | ) |
| JOSE ALFREDO PEREZ-OCEGUEDA, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM ON SENTENCING

Now Defendant Jose Alfredo Perez-Ocegueda is before the Court for sentencing.  The record shows that Defendant pleaded guilty on May 24, 2005 to knowingly transporting an illegal alien within the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and to illegal re-entry after deportation in violation of 8 U.S.C. § 1326(a) and (b).  Defendant makes one objection to the pre-sentence report.

Defendant objects to the pre-sentence report because it includes a 3 level enhancement under section 2L1.1(b)(5) of the U.S. Sentencing Guidelines (U.S.S.G.).  The plea agreement states that the U.S. Attorney agrees, "[t]o stipulate that the provisions of U.S.S.G. Section 2L.1.1(b)(5) do not apply to this case...". (Doc. 15).  The Government urges the Court to honor the stipulation.  Defendant also argues, without supporting authority, that the provision does not apply to the facts of this case.

The Probation office argues that the Pontiac Aztek has a seating capacity of five and Defendant had nine people in the vehicle; therefore, the case law and the Guidelines support such an enhancement.

United States Sentencing Guidelines 2L1.1(b)(5) states: "[i]f the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person, increase by 2

-1-

levels, but if the resulting offense level is less than level 18, increase to level 18." Id.  Application note 6

for the same section states: "[r]eckless conduct to which the adjustment from subsection (b)(5) applies

includes a wide variety of conduct (eg. transporting persons in the trunk or engine compartment of a motor

vehicle, carrying substantially more passengers than the rated capacity of a motor vehicle...).  Id. n6.

The Tenth Circuit has stated that "the § 2L1.1 (b)(5) enhancement has most often been applied

when the vehicle driven by the smuggler was carrying more passengers than the rated capacity of the

vehicle..." *United States v. Maldonado-Ramires*, 384 F.3d 1228, 1231 (10th Cir. 2004).  In this case,

the Circuit upheld a sentence enhancement where the defendant transported six people in a passenger van

in which the seats and seat belts had been removed and the individuals were required to remain prone on

the van's floor.  *Id.*

While Defendant's conduct meets the standards in § 2L1.1 (b)(5) of the Guidelines, the Court will

sentence the Defendant in accordance to the stipulations in the plea agreement.   Therefore, the Court will

not apply the three level enhancement in U.S.S.G. Section 2L.1.1(b)(5).


IT IS ORDERED FOR THE REASONS SET FORTH ABOVE that Defendant's objection be

sustained.

SO ORDERED this 10th  day of August, 2005.



 s/ Wesley E. Brown                                    

Wesley E. Brown, Senior U.S. District Judge

-2-